# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2009

Charles R. Fulbruge III
Clerk

No. 09-10094
Summary Calendar

JIMMIE LEE WALTON

Plaintiff-Appellant

v.

DALLAS COUNTY SHERIFF LUPE VALDEZ

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-2166

Before GARZA, CLEMENT and OWEN, Circuit Judges.

PER CURIAM:[*]

Jimmie Lee Walton, Texas prisoner # 1482003, moves to proceed in forma pauperis (IFP) to appeal the dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The district court denied Walton leave to proceed IFP on appeal, certifying that the appeal is not taken in good faith. By moving for leave to proceed IFP, Walton is challenging that certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inquiry into Walton's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks omitted).

Because neither Walton's IFP motion nor his brief in support of his IFP motion address the reasons for the district court's certification decision or the basis of the district court's dismissal, it is the same as if he had not appealed the judgment. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Baugh,* 117 F.3d at 202. Walton has not demonstrated that he will raise a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 219-20. Accordingly, Walton's motion to proceed IFP is denied. *See Baugh*, 117 F.3d at 202 n.24. Because his appeal is frivolous, *see Howard*, 707 F.2d at 219-20, his appeal is dismissed. *See* 5TH CIR. R. 42.2.

The district court's dismissal of Walton's § 1983 complaint and the dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Walton that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.